# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEONARD HAIRSTON,

    *Plaintiff*,

vs.

DOUGLAS E. GILLISPIE, *et al.,*

    *Defendants*.

2:11-cv-01119-KJD-RJJ

ORDER

    Plaintiff, a detainee at the Clark County Detention Center according to the allegations of the papers presented, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

    The application is incomplete. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff did not attach a complete statement of his inmate trust fund account for the six months prior to the filing of the pauper application. Plaintiff attached sundry financial-related materials with his complaint, for one purpose or another. See #1-1, at 24 & 62-68. The materials variously do not constitute a complete statement of his inmate trust fund account and/or do not cover the six months prior to the filing of the pauper application. The closest item, found at pages 63-68 of #1-1, is both out-of-date and incomplete. The statement purports to cover the period up to April 28, 2011, more than 60 days prior to the filing of the federal action. The statement

in any event does not actually cover even that period because only 6 of the 10 pages are attached.

The Court notes that a dismissal without prejudice to the filing of a new action will not substantially prejudice plaintiff. Plaintiff's claims either, on the one hand, already are long time-barred, or, on the other, are not cognizable in a civil rights proceeding because he is challenging the validity of his current confinement. Plaintiff alleges that the Supreme Court of Nevada terminated the pending state criminal prosecution against him for lack of jurisdiction in No. 54089 on the docket of that court. The order that he attaches from that proceeding instead dismissed, for lack of jurisdiction, *plaintiff's* proper person *appeal* from an order denying his pretrial petition for a writ of habeas corpus because there is no appeal from such an order under Nevada state practice. See #1-1, at 36 & 40. This Court previously has dismissed two of plaintiff's civil rights actions for failure to state a claim upon which relief may be granted, and it has found it necessary to bar him from any further filings in a closed habeas action. A dismissal of the present improperly-commenced action without prejudice to the filing of a new and properly commenced action will not result in any prejudice of substance to plaintiff -- who currently is making a record for a possible order by this Court finding that he is a vexatious litigant and imposing substantial sanctions.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint in a new action together with a new pauper application with all required attachments. The Clerk of Court shall send plaintiff a copy of the papers filed along with the complaint and pauper forms and instructions. The Clerk further shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: August 17, 2011

_____
KENT J. DAWSON
United States District Judge